THOMPSON, Judge,
concurring in part and dissenting in part.
I concur in the holding that D.W. and J.W., the biological great-grandparents of T.S., have standing, pursuant to § 26-10A-30, Ala.Code, 1975, to seek visitation with T.S. because of their adoption of their biological granddaughter.
I dissent, however, from the holding that § 26-10A-30, as applied by the trial court, is unconstitutional. In his dissent, Justice Kennedy joined with the four Justices concurring in the Troxel opinion in the admonition to the courts that “constitutional protections in [the area of nonparental-visitation statutes] are best ‘elaborated with care.’ ” Troxel v. Granville, 530 U.S. 57, 73, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000).
The statute being challenged in the present case, § 26-10A-30, is a much narrower statute than the “breathtakingly broad” Washington statute reviewed by the Troxel Court. Unlike the Washington visitation statute, which allowed any person to petition for visitation under any circumstances, § 26-10A-30 permits only “natural grandparents,” a limited class of persons, to petition for visitation in the limited category of intrafamily'[5] adoptions. § 26-10A-30, Ala.Code, 1975.
*186 Moreover, unlike the Washington Superior Court’s judgment that was reviewed by the Troxel Court, a judgment containing “slender findings,” the trial court’s judgment on review here contained the following specific finding:
“The Court finds that the adoptee previously had a relationship with [the petitioners], having lived in their home until she was approximately two years old. Both biological parents have problems which prevented them from assuming a child-rearing role with the adoptee. During such time that the adoptee lived with [the petitioners] they allowed [the paternal grandparents who ultimately adopted the child] to maintain visitation with the adoptee away from their home, and eventually suggested and facilitated [the paternal grandparents’] adoption [of the child].... ”
I believe we may infer from this finding that the petitioners established a bond during the child’s initial two formative years and that they fostered a healthy relationship with the paternal grandparents, who ultimately adopted the child, with the petitioners’ assistance.
Section 26-10A-30, Ala.Code, 1975, permits the trial court to determine, in its discretion, whether visitation would serve the child’s best interest. Alabama domestic-relations courts have traditionally used the “best interest-of-the-child” standard on a case-by-case basis in visitation proceedings. This narrowly drafted statute currently under review was apparently designed to foster close family bonds that had existed before the intrafamily adoption proceedings occurred. Given the limited context addressed by § 26-10A-30, I conclude that that statute, as written and as applied in the present case, is not unconstitutional.
Although I recognize and share the concerns expressed in the main opinion and in Judge Crawley’s special concurrence pertaining to the fundamental rights of parents to rear their children without interference, I do not believe the limited ruling in Troxel can be extended to declare this narrowly drafted statute unconstitutional on its face.
PITTMAN, J., concurs.

. The statute specifically relates to a situation "when the adoptee is adopted by a stepparent, a grandfather, a grandmother, a brother, a half-brother, a sister, a half-sister, an aunt or an uncle and their respective spouses, if any.” § 26-10A-30, Ala.Code, 1975.